IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 11-CR-30108-DRH |
| vs. | ) |
| | ) |
| RICHARD J. KLEMIS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE
TO DEFENDANT'S "MOTION IN LIMINE" (DOC. 57)**

Comes now the United States of America, by Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Robert L. Garrison, Assistant United States Attorney for said District, and states as follows:

1. Exception to Hearsay Rule Evidence

The Government has little to add to its previous Notice of Intent to introduce such evidence. (R.53).

The statements made by the late Tyler McKinney are admissions that he was committing felony offenses under both state and federal criminal laws: 1) aiding and abetting the distribution of heroin; and/or 2) buying and possessing heroin. The Government submits that it is hard to imagine any statement which would be more adverse to the declarant's interest than admitting to felonies.

Defendant claims that there is insufficient corroboration for the late Tyler McKinney's statements to multiple witnesses that "I'm driving Richard to St. Louis to buy heroin. He gives me 'free gear' when I drive him over there." The Government believes there is a great deal of corroboration, both inferential and direct. Four witnesses are each expected to testify that they also drove Defendant to St. Louis to buy heroin, at Defendant's request. These witnesses will testify that they drove Defendant to St. Louis around the same time that McKinney told people

he was driving Defendant to St. Louis. The four witnesses in question are Amy Goldberg, Cynthia Shaw, Nicholas Ramage and Brian Foggy. In addition, Christopher Gonzalez is expected to testify that he heard Defendant and McKinney discuss going to St. Louis to get heroin; that he saw the two men leave together from Gonzalez' house in McKinney's car; and that the two men subsequently returned to Gonzalez' residence in McKinney's car with heroin.

Defendant objects that the timing of the proffered statements by the late Tyler McKinney are too imprecise to permit admission. The Government submits that all of these statements were made within a few months of McKinney's death in February, 2011, and thus the time when these statements were made is not impermissibly vague.

In sum, the Government again states its belief that the statements made by the deceased declarant fall squarely within the hearsay exception for admissions against the declarant's interest, and that there is sufficient corroboration to support the statements.

2)  Testimony That the Defendant Also Sold Marijuana, and Offered to Sell Other Drugs

In *Gomez*, the Seventh Circuit adopted "a more straightforward rules-based approach" for examining prior bad acts evidence under Rule 404(b). *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) (en banc). Under the new analysis, "[t]he proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way . . . through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *Id*. at 860. Here, the United States is not offering the testimony that the Defendant sold marijuana, and other drugs, for the 'forbidden inference' that "once a drug dealer, always a drug dealer," or "once a marijuana dealer, likely a heroin dealer;" instead, the United States is offering this testimony "for another purpose, such as . . . opportunity . . . preparation [and] plan." Fed. Rule Evid. 404(b)(2). *See Gomez*, 763 F.3d at 856 ("other-act evidence [need not] be excluded whenever a propensity inference can be drawn;

2

rather, Rule 404(b) excludes the evidence if its relevance to 'another purpose' is established *only* through the forbidden propensity inference.")(emphasis in the original).

As previously stated in a letter provided to defense counsel and to the Court, it is the Government's belief that the Defendant sold marijuana in order to entice his teenage customers into a business relationship which would ultimately lead to the sale of heroin. The evidence of marijuana sales are offered for the purpose of the demonstrating that the Defendant had a plan to provide himself with a new business opportunity: to access the teenage drug market, and gain their trust, via marijuana and then exploit their trust by selling the harder substance of heroin. Virtually all of the Government's witnesses who bought heroin from the Defendant are expected to testify that Defendant first offered them marijuana, i.e., "I can get you anything you want." In one instance, Government witness Eric Schulze is expected to testify that Defendant gave him a single, "free" injection of oxycontin, and then started selling him heroin one week later. The Defendant <u>taught</u> Schulze to inject himself with oxycontin in order to subsequently facilitate Defendant's heroin sales.

In sum, Defendant used marijuana, and on one occasion oxycontin, as an "introductory offer" to his customers. Using marijuana, and other illicit substances, as a gateway drug was part of Defendant's business plan to have the opportunity to access a new demographic for his poisonous product. Another aspect of Defendant's plan was to use marijuana to ensure that he could trust his young customers not to inform on him before he sold them heroin.

The Government further submits that without evidence regarding marijuana sales ("plan or scheme" evidence), the jury would be left with a confusing and incomplete account of Defendant's heroin trafficking. Some witnesses were present at Defendant's residence in order to buy marijuana and, because of their status as marijuana customers, they were then in a position to observe Defendant using, soliciting and distributing heroin. If the Court were to

exclude evidence related to Defendant's marijuana sales, the jury would not be able to accurately understand why non-heroin users were present when the Defendant sold heroin.[1]

For the aforementioned reasons, the Government respectfully requests that the Court find that Tyler McKinney's statements are admissions against interest and that evidence of Defendant's sales of marijuana and other illegal drugs be admitted as 404(b) evidence for the non-propensity purpose of demonstrating Defendant's plan and opportunity to utilize that plan. *See United States v. Hawkins*, 548 F.3d 1143, 1147 (8th Cir. 2008) (ruling that Rule 404(b) evidence "need not involve the same illegal drug as the charged offense" (internal quotation marks omitted); *United States v. Hernandez*, 84 F.3d 931, 935 (7th Cir. 1995) (concluding that prior marijuana conviction could be admitted under Rule 404(b) in prosecution for distributing cocaine and heroin). In the Court's 404(b) analysis, the Government also moves the Court to hold that this "other act" evidence's probative value is not substantially outweighed by the risk of unfair prejudice to the Defendant under the Rule 403 balancing test.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*s/ Robert L. Garrison*
ROBERT L. GARRISON
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700
E-mail: Robert.Garrison@usdoj.gov

---

[1] The Government recognizes that the Seventh Circuit overruled the "inextricably intertwined" doctrine in *United States v. Gorman*, 613 F.3d 711, 719 (7th Cir. 2010) as a legitimate basis for admitting 404(b) evidence in order "to provide the jury with a complete story of the crime on trial." *See United States v. Boone*, 628 F.3d 927, 933 (7th Cir. 2010).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 11-CR-30108-DRH |
| vs. | ) | |
| | ) | |
| RICHARD J. KLEMIS, | ) | |
| | ) | |
| Defendant. | ) | |

### Certificate of Service

I hereby certify that on January 21, 2015, I caused to be electronically filed GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION IN LIMINE" (DOC. 57) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William D. Stiehl, Jr.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*s/ Robert L. Garrison*
ROBERT L. GARRISON
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700
E-mail: Robert.Garrison@usdoj.gov

5