IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD J. KLEMIS,

Defendant.                                                  No. 11-30108-DRH

### ORDER

**HERNDON, District Judge**:

Pending before the Court is a second motion for payment of interim attorney fees and expenses (Doc. 94). Based on the following, the Court **DENIES** the motion.

Pursuant to the guidelines for defender payments the presiding judge, when necessary to avoid financial hardship, may arrange for interim payments. Chapter 2, Section 230.73 Guide to Judicial Policy. The contemplation is that the arrangement will be made early in litigation and likely is contemplated in cases far more complex and extended than this case where the work will result in fees far in excess of those generated by counsel for Mr. Klemis, a budget is established, bills are examined weekly or bi-monthly. Nonetheless, it is not so self-limiting and if

counsel can show real hardship the procedure is available.  If the amount reaches excess compensation, it requires a meaningful review by the circuit Chief Judge.

The defendant in this case is presently scheduled to be sentenced May 8, 2015.  Following customary practice, Mr. Stiehl will seek to withdraw at once after the notice of appeal is filed but assumes based on past practice that an order granting that motion will not be entered until early July.

Counsel asserts, regarding the necessity to show hardship:

> The undersigned is a solo practitioner, and the amount of time necessary in preparation and trial of this case necessitated that the undersigned not devote time to other matters which would have generated income during December, January and the beginning of February.

Of course, during the seven day trial his assertion rings true as does the day before trial where his voucher verifies he was spending between nine and fourteen hours a day working on the Klemis case.  However, that only accounts for eight days at the end of January and the beginning of February.  As for the balance of January, only three other days reflect enough hours to suggest near sole devotion to this one endeavor.   December only reflects one day with such singular devotion.  Counsel, therefore, over states the impact of this case on his practice from a time spent perspective.

The Court finds nothing, at this juncture, to suggest an inappropriate request from the standpoint of the amount of compensation.  This case is complex.  However, that is not the role of this judge at this time and would ultimately be a preliminary finding for the Chief Judge once this voucher goes to her for her

meaningful review.   As for the request for interim payment, counsel simply fails to establish his hardship because his rhetoric fails to match his records, and the motion is denied.   Counsel will be paid in due course.

**IT IS SO ORDERED**.

Signed this 13th day of April, 2015.

Digitally signed by
David R. Herndon
Date: 2015.04.13
14:02:23 -05'00'

**United States District Judge**