IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | <br><br><br>CRIMINAL NO. 11-CR-30108-DRH |
| vs. )<br>)<br>RICHARD J. KLEMIS, )<br>)<br>Defendant. ) | |

**GOVERNMENT'S SENTENCE MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Robert L. Garrison, Assistant United States Attorney for said District and states as follows:

1. The Government's Sentence Recommendation

The Government recommends a sentence of 20 years imprisonment on Counts 1 and 4 of the Superseding Indictment.  A 20 year sentence is the minimum statutory sentence which Klemis can receive on these two counts under U.S.C. 21 § 841(b)(1)(C).

The Government further recommends that the sentences on Count 1 and 4 be concurrent, and that the sentences imposed on the remaining 7 counts be concurrent as well.

In sum, the Government recommends that Klemis receive a sentence of 20 years, i.e., the statutory minimum, and asks the Court not to impose a sentence in excess of 20 years.

2. The Rationale For the Government's Sentence Recommendation

The Government is gravely concerned that if Klemis receives a sentence in excess of 20 years, the United Kingdom may decline to send Klemis back to the United States to serve any sentence at all.

Klemis, of course, as the Court knows full well, was extradited from the U.K. to the U.S. Klemis is still subject to an undischarged term of 8 years imprisonment in the U.K. for dealing heroin. His projected release date from his U.K. prison sentence is May, 2015.

Even though Klemis is very near the end of his U.K. prison sentence, the U.S. Government signed an extradition agreement (a contract essentially) with the U.K. in which the U.S. obligated itself to return Klemis to the U.K. <u>before Klemis begins his U.S. prison sentence</u>.

3. <u>The Position Taken By the U.K. Courts Regarding Klemis</u>

As this Court knows better than the undersigned AUSA, judges frequently convey veiled warnings to the parties in their opinions. The Government has attached three U.K. court documents hereto, starting with the most important of the three (in the Government's view), <u>i.e.</u>, "The Westminster Magistrates' Court. The Government of the United States of America v. Richard Klemis. Ruling of District Judge Purdy dated 20/6/13," appended hereto as Attachment #1.

From Judge Purdy's opinion, which is hilited in pertinent part, the undersigned AUSA concludes, perhaps wrongly, that a U.S. sentence of 20 years is at the high end of any sentence which the U.K. courts will approve.

The veiled warning, as the Government perceives it, comes here:

**13. <u>Conclusion.</u>**

This is one of those cases where the point of principle is easy to state and is agreed between the parties. <u>Potentially</u> 20 years is ***"grossly disproportionate"***. However, I have to ask is there a real risk here of 20 years being ***"grossly disproportionate"*** on the facts as set out i.e. a death and serious injury from heroin supplied by Richard Klemis accepting, for the sake of argument, no proven foreseeability and thus no manslaughter equivalent. I am clearly required to avoid direct sentencing comparisons with U.K. or any other jurisdiction. The jurisprudence is clear, different jurisdictions deal with common problems differently but not necessarily wrongly. A 17 year term to serve is undoubtedly a top end penalty almost anywhere. However, I cannot ignore that our English and Welsh law for supplying Class A drugs carries a maximum of life imprisonment and the Definitive Guidelines range is 16 years which include selling to

> vulnerable persons and exposure to danger by selling drugs *"cut"* with *"harmful substances"* (page 14). Taking all points into account I am driven to conclude the penalty upon conviction is undoubtedly harsh, very harsh by U.K. standards, but I cannot go further and regard it as *"grossly disproportionate"* and must therefore reject the challenge advanced.

Opinion of Judge Purdy, pp. 5-6. (emphasis exactly as in original).

If a 20 year sentence is "undoubtedly harsh, very harsh by U.K. standards," then how might the U.K. courts evaluate a sentence of 30 years or life imprisonment?

The Government has also attached hereto two other U.K. court documents, also hilited, as Attachment #2 and Attachment #3. These other two documents are of a piece with the opinion of Judge Purdy, because they too indicate: 1) Klemis must be returned to the U.K. before he beings his U.S. sentence; and 2) Klemis will once again have the opportunity to challenge his U.S. sentence as "grossly disproportionate" under Article 3 of the European Convention on Human Rights ("ECHR").

The next time Klemis invokes the ECHR, it will be in the context of the sentence actually imposed by this Court, and Klemis' argument regarding the ECHR will no longer be premature or speculative.

   4.  Conclusion

By the time Klemis is sentenced on May 8, 2015, he will be 42 years old. Assuming that Klemis receives maximum credit for good behavior, he will <u>still</u> be approximately 58-59 years of age if this Court imposes a 20 year sentence on Klemis.

The Government concludes from the attached U.K. court documents that a 20 year sentence will <u>probably</u> pass muster with the U.K. courts, but only just.

If this Court imposes a sentence in excess of the 20 year statutory minimum on Counts 1 and 4, then it will be problematical as to whether Klemis will ever serve <u>any</u> sentence in the United States.

3

The Government submits that the family of the late Tyler McKinney would be better served by the imposition of a 20 year sentence which Klemis can be expected to actually serve.  Conversely, the Government submits that it would be a disservice to the McKinney family to subject them to the possibility that Klemis will never return from the U.K., and thus might serve no prison sentence in the U.S. whatsoever – unless he were to return to the U.S. voluntarily.

                Respectfully submitted,

                STEPHEN R. WIGGINTON
                United States Attorney

                *s/ Robert L. Garrison*
                ROBERT L. GARRISON
                Assistant United States Attorney
                Nine Executive Drive
                Fairview Heights, IL  62208
                (618) 628-3700
                E-mail: Robert.Garrison@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 11-CR-30108-DRH |
| vs. | ) | |
| | ) | |
| RICHARD J. KLEMIS, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I hereby certify that on April 20, 2015, I caused to be electronically filed

GOVERNMENT'S SENTENCE MEMORANDUM with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

   William D. Stiehl, Jr.

                                        Respectfully submitted,

                                        STEPHEN R. WIGGINTON
                                        United States Attorney

                                        *s/ Robert L. Garrison*
                                        ROBERT L. GARRISON
                                        Assistant United States Attorney
                                        Nine Executive Drive
                                        Fairview Heights, IL  62208
                                        (618) 628-3700
                                        E-mail: Robert.Garrison@usdoj.gov